IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| RAIN THOMAS CHESHER, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | |
| vs. | ◊ | No. 09-1123-JDT/egb |
| | ◊ | |
| STEVE DOTSON, et al., | ◊ | |
| | ◊ | |
| Defendants. | ◊ | |

ORDER DENYING MOTION TO APPOINT ATTORNEY,
DENYING MOTION TO AMEND COMPLAINT AS UNNECESSARY,
AND DISMISSING NEW CLAIMS/DEFENDANTS UNDER 28 U.S.C. § 1915(e)

On May 11, 2009, Plaintiff Rain Thomas Chesher, prison registration number 15173, an inmate at the South Central Correctional Center, who was formerly housed at the Whiteville Correctional Facility ("WCF"), filed a complaint under 42 U.S.C. § 1983 in the United States District Court for the Middle District of Tennessee, along with a motion to proceed *in forma pauperis*. That court granted Plaintiff's motion to proceed *in forma pauperis*, assessed the filing fee, dismissed claims against certain defendants, and transferred the remaining claims to this court. Plaintiff has now filed a motion for leave to file a supplemental complaint and for the appointment of counsel [DE#s 19, 20]. Defendants Dotson, Taylor, and Hickman have responded to the motions. For the reasons set forth below, Plaintiff's motion to amend is DENIED as unnecessary. However, the new claims raised in the amended complaint are

DISMISSED pursuant to 28 U.S.C. § 1915(e). Plaintiff's motion for the appointment of counsel is DENIED.

## Motion to Amend

Plaintiff has sued WCF Warden Steve Dotson, Correctional Officer Barkin, Sergeant Earl Taylor, Lieutenant Pope or Polk, Nurse Practitioner Hickman, and Medical Administrator Gardner.[1] He alleges that, while confined at WCF, Defendants failed to classify him at the correct security level, and that, as a result, he was assaulted by two inmates. Plaintiff alleges that, had he been correctly classified, he would not have been exposed to the two high security inmates.

In his motion to amend, Plaintiff seeks to add as defendants Corrections Corporation of America, ("CCA") and its surety, WCF/CCA's on-site medical provider and its surety, and Dr. Cole and his surety. Defendants contend that Plaintiff's motion should be denied because it would be futile to add these additional defendants. In support of their argument, Defendants rely on Forman v. Davis, 371 U.S. 178, 182 (1962), which held that leave to amend should be granted unless there is: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party if the amendment were granted; (5) futility of the amendment; or (6) other "declared or apparent reasons."

Plaintiff's motion was filed on December 21, 2009, and Defendants did not file an answer until December 29, 2009. Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure

---

[1] The summonses for Defendants Gardner, Pope (a/k/a Polk), and Barkin were returned as unexecuted.

allows a party to amend its pleading once as a matter of course before being served with a responsive pleading.  The Sixth Circuit Court of Appeals has affirmed that Rule 15(a) gives plaintiffs an absolute right to amend a complaint before a responsive pleading is served. Pertuso v. Ford Motor Credit Co., 233 F.3d 417, 421 (6th Cir. 2000) ]. Therefore, Rule 15(a) permits Plaintiff to file his amended complaint without seeking leave from this court since it was filed before Defendants' answer was filed, and Plaintiff's motion is DENIED as unnecessary.

Dismissal of Supplemental/Amended Complaint Under 28 U.S.C. § 1915(e)

However, Plaintiff's amended complaint is subject to being screened under 28 U.S.C. § 1915(e). See Rogers v. Detroit Police Dept., 595 F. Supp.2d 757 (E.D. Mich. 2009) ("The new claims Plaintiff raised in his Second Amended Complaint are subject to screening under several provisions of the United State Code."). Pursuant to § 1915(e), when a plaintiff is proceeding *in forma pauperis*, as in the present case, the court "shall dismiss the case at any time if the court determines that ... the action ... is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  This screening process requires the court to "dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

As noted by Defendants, an official capacity claim is "an alternative way of pleading an action against the entity for which the officers are employed." Dudley v. Eden, 49 F.

Supp.2d 581, 589 n. 5 (N.D. Ohio 1999) (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985)). If Plaintiff proves that Defendant Dotson, as warden of WCF, is liable in his official capacity, CCA would be answerable - not Defendant Dotson individually. Therefore, there is no reason to add CCA as a defendant.

Defendants also point out that there is no entity known as "WCFA's/CCA's on-site medical provider." Furthermore, the only medical providers that Plaintiff asserted any allegations against during the grievance process were the "Nurse Practitioner" and "the Administrator." Because Plaintiff has not exhausted his administrative remedies against WCFA's/CCA's on-site medical provider or against Dr. Cole, it would be futile to add them to the lawsuit.

The court, therefore, dismisses the supplemental or amended complaint in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). This matter will proceed on the claims and with the defendants as set forth in the order entered on October 29, 2009.

Motion to Appoint Counsel

Plaintiff has filed a motion for the appointment of counsel. A district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant. See Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993). However, appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." Id. at 605-06.

In determining whether an appointment is warranted, courts evaluate the type of case, the complexity of the factual and legal issues involved, and the ability of the litigant to

represent himself. See id. at 606; Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)("The key [to determining whether exceptional circumstances exist] is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.") Appointment of counsel in a civil case is not appropriate when a litigant's claims are frivolous or when the chances of success are extremely slim. See Lavado, 992 F.2d at 604-05; Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)("[B]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law."). As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2nd Cir. 1989).[2]

Because Plaintiff has not made the requisite showing of exceptional circumstances, an appointment of counsel is not warranted, and the motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] The Second Circuit elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.