IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| RAIN THOMAS CHESHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 09-1123-T |
| | ) | |
| GEORGE LITTLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER TO ISSUE THIRD-PARTY SUBPOENA

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 for the alleged violation of his constitutional rights. On November 6, 2009, the summons as to Defendant Polk was returned as "not employed at Whiteville;" the summons as to Defendant Gardner was returned as "no longer employed at Whiteville;" and the summons as to Defendant Barkin was returned as "on medical leave not at facility." DE#s 10-12.

When an indigent plaintiff has taken reasonable steps to identify and locate a defendant, the court is responsible for ensuring that service is properly effected:

> [Twenty-eight] U.S.C. § 1915(c) provides that the officers of the court "shall issue and serve all process" when a plaintiff is proceeding *in forma pauperis*. Fed. R. Civ. P. 4(c)(2) dovetails with § 1915(c) by providing that the court must appoint a United States Marshal to serve plaintiff's process "when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915." Together, Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding *in forma pauperis* the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the

> burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996). In the present case, although Plaintiff has not identified these three defendants by their first names, he has identified them by their last names, their place of employment, i.e., Whiteville Correctional Facility ("WCF"), the position held by each defendant, and the specific date on which the defendant was employed, i.e., December 29, 2008, at WCF.

The court hereby DIRECTS the Clerk to prepare a third-party subpoena for CCA and deliver it to the Marshal for service, along with a copy of this order. The subpoena shall direct Corrections Corporation of America, 10 Burton Hill Blvd., Nashville, TN 37215 to supply the last known home address and telephone number of Defendant Polk, corrections officer at WCF on December 29, 2008, Defendant Gardner, medical administrator at WCF on December 29, 2008, and Defendant Barkin, corrections officer at WCF on December 29, 2008. This information should be provided on or before March 15, 2010. Due to security and privacy concerns, information provided by CCA in compliance with the subpoena shall not be made available to Plaintiff, but shall be filed by the Clerk *ex parte* and under seal. Summonses shall then be re-issued and provided to the Marshal for service.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE